THE ST. PAUL LEASING COMPANY v. WINKEL'S INC., d.b.a. McDONOUGH'S.

244 N. W. 2d 661.

July 23, 1976—No. 46295.

*John E. Daubney,* for appellant.
*Lawton, Joyner & Schivone* and *Kenneth G. Schivone,* for respondent.

PER CURIAM.

Defendant appeals from summary judgment entered on behalf of plaintiffs in the Ramsey County Municipal Court. We affirm.

In April of 1973, Francis J. McDonough was operating an on-sale liquor establishment as Winkel's, Inc. A salesman for an equipment firm, AAA Pierce Cash Register Company, contacted McDonough for

the purpose of persuading him to install a cash register and automatic liquor dispensing machine in his establishment. The salesman made certain representations to McDonough concerning the performance of the equipment.

McDonough agreed to permit installation of the equipment and the transaction was embodied in a lease agreement executed by Francis J. McDonough as lessee and plaintiff St. Paul Leasing Company as lessor and naming AAA Pierce Cash Register Company as supplier. The lease called for payment on a monthly basis for a period of 60 months with single annual payments thereafter. Under Clause 18 of the lease, the equipment remained at all times the property of the lessor. In addition, Clause 1 of the lease provided as follows:

"Disclaimer of Warranties: Lessee acknowledges that he has selected the equipment and the vendor without assistance or recommendation by the Lessor, that the Lessor is not the manufacturer or vendor and that the Lessor supplies the Equipment only and has no obligation to install, test, erect, service or maintain the Equipment. LESSEE LEASES THE EQUIPMENT AS IS WITHOUT WARRANTY, EITHER EXPRESS OR IMPLIED AND LESSOR MAKES NO WARRANTY OR REPRESENTATION WHATSOEVER AS TO THE MERCHANTABILITY, FITNESS FOR ANY PURPOSE, QUALITY, DESIGN, CONDITION, DURABILITY, OR SUITABILITY OF THE EQUIPMENT IN ANY RESPECT OR CONNECTION WITH THE PURPOSES OF THE LESSEE OR ANY OTHER MATTER. So long as Lessee is not in default hereunder, Lessor hereby assigns to Lessee any warranty rights it has, as owner of the Equipment against the manufacturer and vendor of the Equipment or any other person. If the Equipment is not installed properly, does not operate as represented by the manufacturer or vendor or is unsatisfactory for any reason whatsoever; Lessee shall make any resulting claim against the supplier and shall continue to pay to the Lessor the periodic rent payments as specified in this Lease."

After paying in accordance with the lease for approximately one and one-half years, McDonough defaulted, claiming that the equipment malfunctioned and AAA Pierce failed to repair. St. Paul Leasing thereafter brought this action seeking to recover accrued rent and reasonable attorneys fees in accordance with Clause 12 of the lease. The trial court found the lease terms clear and unambiguous and granted judgment against defendant Winkel's, Inc. in the amount of $5,396.98. A separate claim against McDonough individually was dismissed pursuant to stipulation.

Two issues are raised on appeal, neither of which has substantial merit. First, defendant argues that his allegations of fraud and breach

of warranty raise issues of material fact precluding summary judgment. Defendant does not allege, however, that plaintiff St. Paul Leasing was in any way involved in alleged misrepresentations concerning the equipment and McDonough's affidavit likewise implicates only AAA Pierce and its representatives, not St. Paul. Under the clear and unambiguous terms of the lease, St. Paul disclaims any warranties and defendant has a remedy only against AAA Pierce. Defendant has not provided this court with any legal or factual basis which would excuse performance according to such plain terms.

Second, defendant argues that a material issue of fact exists as to the capacity in which McDonough signed the lease, i.e., whether he signed as an individual or as President of Winkel's, Inc. Although a corporate office designation was not appended to McDonough's signature, McDonough's own affidavit alleges that he signed as president of Winkel's, Inc. There is nothing in the record to contest this allegation.

We emphasize that our holding is confined to issues specifically raised by defendant on this record. Defendant has given no legally sufficient reason to excuse performance according to the terms of the lease. We intimate no opinion on other reasons that might have been given or defenses that might have been raised.

Affirmed.